UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

UNITED STATES OF AMERICA EX REL.
TENNESSEE VALLEY AUTHORITY v.
A TEMPORARY RIGHT TO ENTER, ETC.,
MELISSA C. ROGERS

No. 4:14-CV-00085-HSM-SKL

UNITED STATES OF AMERICA EX REL.
TENNESSEE VALLEY AUTHORITY v.
AN EASEMENT AND RIGHT-OF-WAY, ETC.,
MELISSA C. ROGERS

No. 4:16-CV-00025-HSM-SKL

**MEMORANDUM OPINION AND ORDER:
FINDINGS OF FACT AND
CONCLUSIONS OF LAW FOR NONJURY TRIAL**

This matter proceeded to a bench trial before the undersigned in Chattanooga, Tennessee on June 13, 2017. Based on the following findings of fact and conclusions of law, the Court finds that Defendant Melissa C. Rogers is entitled to just compensation in the amount herein discussed for the Government's acquisition of temporary and permanent easements and rights-of-way over the subject property. Separate judgments will issue accordingly.

**FINDINGS OF FACT**

1. These consolidated actions arise from the Government's acquisition of easements (temporary and permanent) and rights-of-way over a single parcel of property consisting of approximately two acres in Van Buren County, Tennessee ("subject property").

2. Defendant Melissa C. Rogers owns the subject property in fee by virtue of a deed recorded in Deed Book WD4, page 535, in the office of the Register of Deeds of Van Buren County, Tennessee. (PX 4.)

3. The subject property is located in Spencer, Tennessee and is identified by the Van Buren County Tax Assessors Office as: Melissa C. Rogers, 259 Seitz Street, Spencer, Tennessee 38585 Tax Map 30, Parcel 13.01. (Assessor of Property-Property Record Card for Tax Map

1

Parcel 030 013.01 (Tax Year 2016), Plaintiff's Exhibit ("PX") 10.)  The subject property is improved with an approximately 480 square foot single family residence with an unfinished basement.  (*Id.* at "Dwelling Data.")

4.      Plaintiff's Exhibit 26 (Attach. 1) is a map depicting the subject property and the permanent transmission line easement and right-of-way.

## Temporary Right to Enter Case

5.      On December 12, 2014, Plaintiff United States of America upon the relation of and for the use of the Tennessee Valley Authority filed Case No. 4:14-CV-00085-HSM-SKL ("85 Case"), a condemnation action for the taking of a temporary easement on the subject property.**1**

6.      The public use for which the property was taken is the "conducting of surveys, core drilling, appraisals, title investigations, and related activities for the acquisition of a [permanent transmission line easement and right-of-way]" ("survey and siting activities").  (85 Case Compl. ¶ 3, Doc. 1 at PageID 1.)  The temporary right taken is the right to enter on the subject property to perform survey and siting activities "to determine what portion of said land or interest therein is necessary for the erection, operations, and maintenance of electric power transmission circuits."  (85 Case Compl. ¶ 4, Doc. 1 at PageID 1-2.)

7.      On December 16, 2014, the Court entered an Order of Possession granting Plaintiff a temporary right to enter onto the subject property (85 Case, Doc. 5).  Plaintiff completed its survey and siting activities on the subject property in 2015.

---

**1**    The Court can take judicial notice of pleadings filed in condemnation actions.  *See Goodpasture v. Tennessee Valley Authority*, 434 F.2d 760, 765 (6th Cir. 1970).

### Permanent Transmission Line Easements and Rights-of-Way Case

8. On March 29, 2016, Plaintiff filed Case No. 4:16-CV-00025 ("25 Case"), a separate condemnation action for a permanent transmission line easement and right-of-way on the subject property.

9. The public use for which the property was taken is the erection, operation, and maintenance of electric power transmission circuits and communication circuits. (25 Case Compl. ¶ 3, Doc. 1 at PageID 1.) The permanent rights taken in the 25 Case are as follows:

> A permanent easement and right-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, including guy wires, in, on, over, and across said right-of-way, together with the right to clear said right-of-way and keep the same clear of all trees, brush, buildings, signboards, billboards, and fire hazards, to destroy or otherwise dispose of such trees and brush, and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within five feet of any transmission line structure or conductor located thereon, the Tennessee Valley Authority to remain liable for any direct physical damage to the land, annual crops, fences, and roads resulting directly from the operations of the construction and maintenance forces of the Tennessee Valley Authority in and about the erection and maintenance thereof, all upon, under, over, and across the following-described land:
>
> <u>TRACT NO. WBNTS-21</u>
>
> A parcel of land located in the First Civil District of Van Buren County, State of Tennessee, as shown on a map entitled "Watts Bar – Nashville Transmission Line Tap to Spencer, Tenn.," drawing LW-2250, sheet P18A, R.1, a reduced scale copy of which is attached to the Declaration of Taking filed herein, the said parcel being more particularly described as follows:
>
> Commencing at a painted T-Post found, a common corner to the Sietz Street right-of-way line, Anthony J. Foltz (Deed Book RB67, Page 859) and Melissa C. Rogers (Deed Book WD4, Page 535), the said point being 48.79 feet right of the centerline of the location at survey station 180+5l.55 and being the Point of Beginning.

    Thence leaving the Point of Beginning and along the eastern property line of Anthony J. Foltz N. 03° 08' 16" E., 255.69 feet to a point in the property line of Melissa C. Rogers; thence with said property line S. 58° 33' 09" E., 40.38 feet to a point on the centerline of the location at survey station 178+17.38 (rounded to 178+17.4 on the aforesaid drawing); thence continuing with said property line S. 58° 33' 09" E., 58.66 feet to a point in the right-of-way line of the location; thence S. 00° 05' 01" E., 269.49 feet to a point in the Sietz Street right-of way line, the said point being 50 feet left of the centerline of the location at survey station 181+17.55; thence with the meanders of said road right-of-way line in a northwesterly direction 61.89 feet to a point on the centerline of the location at survey station 180+81.38; thence continuing with said road right-of-way line 57.19 feet to the Point of Beginning and containing 0.56 acre, more or less. Furthermore, the above-described easement rights are acquired with respect to such appurtenant right, title, and interest as the owner of the above-described land may have in Tract WBNTS-22, Van Buren County, Tennessee (Sietz Street), the adjoining road right-of-way shown on the map referenced above.

    The deeds listed above are filed in the Register's Office of Van Buren County, Tennessee.

    The coordinates, distances and directions of lines are referred to the Tennessee 4100 Coordinate System, NAD83(2011) Horizontal Datum, NAVD88 Vertical Datum.

    Recording Information: Record landowner as of the date of the filing of the Declaration of Taking — Melissa C. Rogers (Deed Book WD4, page 535)

    Tax Map 30, Parcel 13.01

(25 Case Compl. at Doc. 1-1.)

10. On April 5, 2016, the Court entered an Order of Possession granting Plaintiff a permanent transmission line easement and right-of-way on the subject property. (25 Case, Doc. 6).

11. On May 9, 2016, the 85 Case and the 25 Case were consolidated with the 25 Case thereafter deemed the lead case. (25 Case, Doc. 14.)

## Opinions of Value in the 85 Case

12. Plaintiff deposited $1 as its estimate of the amount of nominal compensation owed to Defendant for the taking of the temporary right to enter in the 85 Case. Plaintiff asserts that nominal compensation is appropriate because the taking by a condemning authority of a

temporary right to enter onto private land to perform survey and siting activities is generally not a compensable property right under Tennessee law. *See, e.g.*, Tenn. Code Ann. § 29-16-121 (establishing statutory right under Tennessee law for condemning party to enter onto private land to perform preliminary survey and limiting condemning party's liability only for actual damages); *Midwestern Gas v. Baker*, M2005-00802-COA-R3-CV, 2006 WL 461042, at *14 (Tenn. Ct App. Feb. 24, 2006) ("Tenn. Code Ann. § 29-16-121 authorizes companies with the power of eminent domain to enter private property to conduct 'the requisite examinations and surveys' as long as the company does no unnecessary injury and pays the property owner for any actual damage. Tenn. Code Ann. § 29-16-122 warns, however, that this temporary, limited right of preliminary entry must not be confused with the right to enter private property for the purpose of "actually occupying" it, which the statutory scheme authorizes only after the filing of a condemnation complaint, determination by a jury of the amount due to the property owner, and payment of compensation to the property owner for the taking or the posting of a bond sufficient to cover this sum as well as the court costs pending appeal.").

**Opinions of Value in the 25 Case**

13. The taking of the permanent easement and right- of-way in the 25 Case occurred on March 29, 2016, upon Plaintiff's filing of the Complaint and Declaration of Taking.

14. Eddie D. Crook, MAI, a licensed Tennessee appraiser, testified regarding the fair market value of the subject property immediately before and immediately after the taking in the 25 Case. Mr. Crook is qualified to render opinions in the field of appraisal of real estate.

15. Mr. Crook's opinions are summarized in his appraisal report (PX 5), and his opinions are formed using generally accepted methodologies in the field of the appraisal of real estate and are based on facts and data generally relied upon by experts in his field in forming such opinions. Mr. Crook's opinions include opinions that the subject property's highest and

5

best use is for continued use as an improved residential acreage home site, that the sales comparison approach is a generally accepted methodology used by appraisers to measure the value of property before a taking (pre-take value), and that the use of credible literature, observational studies, and paired sales analyses is a generally accepted methodology used by appraisers for assignments involving partial takings for purposes of value property after a taking ("after-take value").

16. The comparable sales relied upon by Mr. Crook (PX 17, 18, 19, 20, 21, 22, 23, and 24) support his opinion that the pre-take value of the subject property was $53,000. (Appraisal Report at 3, PX 5 at 3.)

17. The literature review, observational studies, and paired sales analyses relied upon by Mr. Crook (collectively, PX 25), support his opinion that the after-take value of the subject property was $42,000. (Appraisal Report at 73, PX 5 at 73.)

18. The difference between the pre-take value and the after-take value of the subject property is $11,000 [$53,000 - $42,000 = $11,000]. (*Id*.)

## CONCLUSIONS OF LAW

19. This is a condemnation proceeding based on a declaration of taking filed pursuant to 40 U.S.C. §§ 3114-3118 (2012), and the Court has jurisdiction of this action by virtue of the Tennessee Valley Authority Act of 1933, *as amended*, 16 U.S.C. §§ 831-831ee (2012) ("TVA Act").

20. The United States, through the Tennessee Valley Authority, has the right under the United States Constitution to take private property for public use. TVA Act § 831c(h) and § 831(x). The United States' exercise of the power of eminent domain is subject always to the requirement of the Fifth Amendment to the United States Constitution that payment of "just

compensation" shall be paid the owner for all estates or interests in property so taken. U.S. Const. Amend. V.

21. Defendant Melissa C. Rogers did not file an appearance or answer and therefore waived all defenses and objections to the takings in these consolidated actions. *United States v. 14.02 Acres of Land More or Less*, 530 F.3d 883, 892 (9th Cir. 2008); Fed. R. Civ. P. 71.1(3). Accordingly, the sole remaining issue in these consolidates actions is the amount of compensation to be awarded to Defendant Rogers for the takings. (*Id.*)

22. The issue of just compensation in a condemnation action is governed by Federal law. *United States v. Miller*, 317 U.S. 369, 379-80 (1943).

23. Under Federal law, the landowner has the burden of proof on the issue of just compensation. *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273 (1943) ("The burden of establishing the value of the lands sought to be condemned was on [the landowner].");

24. *Welch v. TVA*, 108 F.2d 95, 101 (6th Cir. 1939) ("[T]he burden of proving the value in a condemnation proceeding is upon the property owner."); *United States ex rel. TVA v. Hughes*, 251 F. Supp. 930, 933 (W.D. Tenn. 1966) ("The burden of proof on the issue of just compensation is on the property owner.").

25. The just compensation amount is determined as of the date of taking. *United States v. Reynolds*, 397 U.S. 14 (1970); U*nited States ex rel. TVA v. Powelson*, 319 U.S. 266 (1943). Accordingly, the date of taking for purposes of determining just compensation in the 85 Case is December 12, 2014 (85 Case, Doc. 1-2), and the date of taking for purposes of determining just compensation in the 25 Case is March 29, 2016 (25 Case, Doc. 1-3).

26. Where there is only a partial taking of the landowner's property, "[j]ust compensation . . . is the difference in the market value of the entire tract before and after the taking . . . ." *United States ex rel. TVA v. Hughes*, 251 F. Supp. at 932. *Accord United States ex*

*rel. TVA v. An Easement and Right-of-Way Over 1.0 Acre, Etc.*, 248 F. Supp. 702, 703 (W.D. Tenn. 1965) ("The award should be an amount equal to the difference between the reasonable market value of the entire tract immediately before and immediately after the taking . . . ."). Put another way, just compensation is "that amount of money necessary to put a landowner in as good a pecuniary position, but no better, as he would have been in if his property had not been taken." *United States v. L.E. Cook Co.*, 991 F.2d 336, 341 (6th Cir. 1993).

27. The award of just compensation must take into consideration that the property rights taken are limited easements and that rights remain in the landowner. *See, e.g., United States ex rel. TVA v. An Easement and Right-of-Way Over Two Strips, Etc.*, 284 F. Supp. 71, 73 (W.D. Ky. 1968) ("Where only an easement is taken the full fee value of the land within the easement is not a proper measure of damages, since the rights remaining in the landowners are very substantial."); *United States ex rel. TVA v. An Easement and Right of Way 150 Feet Wide, Etc.*, 182 F. Supp. 899, 903 (M.D. Tenn. 1960) ("The rights remaining in the landowner are very substantial where only a power line easement is taken.").

28. An estimate of market value must be supported by market evidence or proof. *Instructions to Comm'rs*, 61 F.R.D. 503, 511 (E.D. Tenn. 1974). Evidence of comparable sales is the best indication of market value, and evidence of such sales is the most appropriate and preferred method to be used to determine market value. *United States v. 691.81 Acres of Land*, 443 F.2d 461, 462-63 (6th Cir. 1971); *Instructions to Comm'rs*, 61 F.R.D. 503, 517-18 (E.D. Tenn. 1974).

29. Sales between a willing buyer and a willing seller of comparable property are the best evidence of market value. *See Instructions to Comm'rs,* 61 F.R.D. 503, 518 (E.D. Tenn. 1973) ("Sales at arm's length of similar property are the best evidence of market value . . .").

30. In evaluating evidence of comparable sales, the size, location, development, topography, soils, and other characteristics of the land involved in each such sale, as compared with the subject property, are important considerations. *United States ex rel. TVA v. Easement and Right of Way Over A Tract of Land in Madison Cnty., Tenn.*, 405 F.2d 461, 462-63 (6th Cir. 1968).

31. In arriving at just compensation, the value of the property rights acquired by the Government should be considered as a whole, as a unit. The trier of fact cannot simply allocate value to various elements, such as timber value, mineral value, farming value, etc. and then add up the various elements of value to arrive at just compensation. This is because the elements of value do not exist independently of each other and cannot be realized at the same time. *Olson v. United States*, 292 U.S. 246, 255-56 (1934); *United States v. 8.41 Acres of Land, Etc.*, 680 F.2d 388, 395 (5th Cir. 1982); *Instructions to Comm'rs*, 61 F.R.D. 503, 511, 514 (E.D. Tenn. 1974) ("[T]imber should not be valued separately but should be valued as a part of the land."); *United States ex rel. TVA v. Payne*, 87 F. Supp. 402, 405 (E.D. Tenn. 1948) ("It is neither necessary nor permissible to segregate the [r]ights that are being acquired, placing a separate value upon each. The diminution in market value of the land, caused by imposition of the whole easement, is the measure of damages.").

32. Timber must be valued as a part of the land and it is improper to value the timber separately. *Morton Butler Timber Co. v. United States*, 91 F.2d 884 (6th Cir. 1937(; United States *ex rel. TVA. v. Harralson*, 43 F.R.D. 318, 321 (W.D. Ky. 1966) ("The market value of the entire property being the issue, it is improper to value the buildings and timber separately because the value of these separate items is necessarily affected by the value of the land, its location, its surroundings, and the uses to which it could be put.").

33. Where, as in this case, the property condemned constitutes only a fraction of the landowner's property interest, the landowner is entitled to just compensation for the fair market value of the interest actually taken. In addition, the landowner is entitled to such additional amount as will be equivalent to the diminution or lowering, if any, of the fair market value of the interest in the remainder of his land which was not taken and is not subject to the easement and right-of-way. Such additional compensation is commonly known as "severance damage." *United States ex rel. TVA v. Easements and Rights-of-Way Over 6 Acres of Land, in Madison Cnty., Tenn.*, 117 Fed. App'x. 422, 424 (6th Cir. 2004); *Instructions to Comm'rs*, 61 F.R.D. 503, 511, 514 (E.D. Tenn. 1974).

## Just Compensation Award for the 85 Case

34. Defendant Rogers is entitled to compensation in the 85 Case for the taking of the temporary right to enter onto the subject property to conduct survey and siting activities.

35. In the 85 Case, Defendant Rogers is entitled compensation in the nominal amount of $1 for the temporary right to enter onto the subject property. This amount reflects only the compensation owed for the taking of the temporary right to enter and is separate and distinct from any potential liability the Plaintiff may have for damage to property resulting from its survey and siting activities.

36. Nominal damages are a symbolic recognition of harm that may be awarded without proof of actual harm and "have only declaratory effect." *Pagan v. Village of Glendale, Ohio*, 559 F.3d 477, 478 n.1 (6th Cir. 2009); *see also S. Genevieve Gas Co., Inc. v. Tennessee Valley Authority*, 747 F.2d 1411, 1413 (11th Cir. 1984) (awarding nominal damages of $1 for taking of mineral lease); *United States v. 50.822 Acres of Land in Nueces Cnty. Texas*, 950 F.2d 1165 (5th Cir. 1992) (affirming nominal damages award for condemned property interest).

37. In awarding nominal damages, the Court recognizes that under Tennessee law, a condemning party has the statutory right to enter onto private property to perform pre-condemnation surveys and is liable only for physical damage to property caused by its pre-condemnation survey activities. Tenn. Code Ann. § 29-16-121 (establishing statutory right under Tennessee law for condemning party to enter onto private land to perform preliminary survey and limiting condemning party's liability only for actual damages); *Midwestern Gas v. Baker*, M2005-00802-COA-R3-CV, 2006 WL 461042, at *14 (Tenn. Ct App. Feb. 24, 2006) ("Tenn. Code Ann. § 29-16-121 authorizes companies with the power of eminent domain to enter private property to conduct 'the requisite examinations and surveys' as long as the company does no unnecessary injury and pays the property owner for any actual damage. Tenn. Code Ann. § 29-16-122 warns, however, that this temporary, limited right of preliminary entry must not be confused with the right to enter private property for the purpose of 'actually occupying' it, which the statutory scheme authorizes only after the filing of a condemnation complaint, determination by a jury of the amount due to the property owner, and payment of compensation to the property owner for the taking or the posting of a bond sufficient to cover this sum as well as the court costs pending appeal.").

38. Any claim for physical damage to the subject property arising from the Plaintiff's performance of survey and siting activities pursuant to the temporary easement is a claim sounding in tort to be submitted to the responsible federal agency, here TVA, or if unresolved, in a separate civil action to be brought against TVA under the Tennessee Valley Authority Act of 1933, *as amended*, 16 U.S.C. § 831c(b). *See also* 85 Case Compl. ¶ 4, Doc. 1 at 1-2 ("Plaintiff to remain liable for damage to annual crops and other actual property damage resulting directly from the operations of Plaintiff's forces in the conduct of such activities upon said land."). Of course, such tort damages are not compensable here. *United States ex rel. TVA v. An Easement*

11

*and Right of Way 150 Feet Wide, Etc.*, 182 F. Supp. 899, 904 (M.D. Tenn. 1960) (the decision maker in a condemnation action is "not to consider . . . any torts which may have been committed in the past or might be committed in the future").

### Just Compensation Award for the 25 Case

39. The landowner is entitled to an award of compensation in the 25 Case for the taking of the permanent transmission easement and right-of-way on the subject property.

40. Based on the unrebutted testimony of Plaintiff's appraiser, the Court finds that the fair market value of the subject property immediately before the taking in the 25 Case was $53,000; that the fair market value of the property immediately after the taking was $42,000, and that the difference between the pre-take value of the property and after-take value of the property is $11,000. Accordingly, in the 25 Case, Defendant Rogers is entitled to compensation in the amount of $11,000 for the permanent transmission line easement and right-of-way that was taken.

### Administrative Matters Relating to Entry of Judgments and Disbursement of Funds

41. The Clerk is directed to issue separate judgments and orders disbursing funds for the 85 Case and for the 25 Case.

42. The disbursement of funds to Defendant Melissa C. Rogers is conditioned upon Defendant Rogers providing her social security number to the Clerk and to Plaintiff for purposes of reporting the payments to the Internal Revenue Service.

43. Attachment 2 is a taxpayer identification sheet for Defendant Rogers to provide her social security number to the Clerk for the 25 Case.

**SO ORDERED** this 13th day of June, 2017.

                                               */s/ Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                               UNITED STATES DISTRICT JUDGE